# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Anne M. Papa,** | CIVIL ACTION NO.   21-77 |
| Plaintiff, | |
| v. | |
| **Neshannock VFD,**<br>**Neshannock VFD Board,**<br>**Chief John DiCola,**<br>**Deputy Bradley Shaffer,**<br>**Deputy Brian Melcer,**<br>**Justin Aller,** | |
| Defendants. | |

## OPINION

This case arises from the termination of plaintiff Anne M. Papa ("Papa") as a member of a volunteer fire department ("VFD").  The lawsuit was originally filed in the Court of Common Pleas of Lawrence County, Pennsylvania, and removed to this court (ECF No. 1).  Now pending are renewed motions to dismiss the amended complaint (ECF Nos. 12, 20) filed on behalf of all defendants.

Factual[1] and Procedural Background

Papa applied for membership in the Neshannock VFD in 2016, when she was a student at Westminster College.  She graduated at the top of her class in firefighting training, was certified as a Firefighter One by the Commonwealth of Pennsylvania, and achieved full membership in

---

[1] The factual background is taken from the amended complaint and the factual allegations in the amended complaint are regarded as true for purposes of resolving a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

the Neshannock VFD.  The membership of the Neshannock VFD is overwhelmingly male.  Papa alleges that several male members of the Neshannock VFD resented that an enthusiastic female was showing them up.  She believes that defendants formed a plan to force her out.

In January 2020, defendant Justin Aller ("Aller") reported that Papa cut her own leg so that she could practice doing sutures.  Deputy Shaffer authored a memo to the Neshannock VFD Board mischaracterizing Papa's actions.  Papa contends that the January 2020 accusation was false and motivated by sex-based animus; she avers that she accidentally was cut earlier that evening and provided self-care based upon her experience as a licensed EMT.  Papa was not directly informed about the allegation, but learned that her membership would be terminated without a hearing.  Papa confronted the allegations through counsel.  In February 2021, the Neshannock VFD issued a letter to Papa indicating that her "recent activity" was detrimental to the health and safety of others and herself.  Papa believed that the incident had been resolved and continued her volunteer duties.

On July 20, 2020, at 1:00 a.m., Papa was seen on surveillance cameras removing a Self-Contained Breathing Apparatus from the station.  Plaintiff was terminated from her membership in the Neshannock VFD on July 27, 2020, after a special meeting. Papa contends that borrowing equipment was a common occurrence, she made no effort to hide her activity, and the incident was used as a pretext to terminate her membership due to sex-based animus and in retaliation for standing up to the Neshannock VFD after the January 2020 incident.  She alleges that she was terminated without a hearing or opportunity to tell her side of the story, and the termination impacts her career objective to become a professional firefighter.  Papa believes that false and misleading allegations against her were widely published to the Neshannock VFD membership and the local community.

Defendants filed a motion to dismiss the original complaint, which plaintiff mooted by filing an amended complaint (ECF No. 9), which is the operative pleading.  In the amended complaint, Papa asserts three § 1983 claims and eight pendant state law claims, as follows:

Count 1: § 1983, deprivation of liberty interest;
Count 2: § 1983, Equal Protection based on sex;
Count 3: § 1983, denial of due process;
Count 4: PHRA sex discrimination;
Count 5: breach of contract/duty of good faith;
Count 6: retaliatory discharge against public policy;
Count 7: quasi contract, unjust enrichment, promissory estoppel;
Count 8: false light and invasion of privacy;
Count 9: defamation, libel and slander;
Count 10: negligent or intention infliction of emotional distress; and
Count 11: fraud (vs. Aller and Shaffer only).

Each of the claims (except Count 11) are asserted against all six named defendants.  Often, Papa fails to allege specific facts about the conduct of each named defendant.  She seeks in excess of $900,000 in compensatory damages, plus punitive damages, interest, costs, attorney fees and reinstatement to active membership in the Neshannock VFD (ECF No. 9 at 13, 31).

Defendants Neshannock VFD, Neshannock VFD Board, Chief John DiCola, Deputy Shaffer and Deputy Brian Melcer renewed their motion to dismiss the amended complaint (ECF No. 12).  Defendant Aller, a fellow volunteer firefighter, filed a separate motion to dismiss (ECF No. 20).  Defendants seek dismissal of all claims and attached numerous exhibits to their motions.

On April 7, 2021, the court issued an order to show cause why the § 1983 claims should not be dismissed for failure to plead "state action" and the remaining state law claims remanded to the state court (ECF No. 22).  In particular, the court instructed the parties to address decisions "which appear to indicate that the internal disciplinary decisions of a private organization such as Neshannock VFD do not constitute state action even if the organization itself is heavily involved

in a state function." *Id.* at 2.

Defendants' response to the show cause order asserted that the § 1983 claims should be dismissed with prejudice for failure to plead state action (ECF No. 23). Defendants, however, urged this court to retain supplemental jurisdiction over the state law claims.

Plaintiff's response to the show cause order (ECF No. 24) contended that the § 1983 claims should not be dismissed. Papa recognized that a private actor can only be held liable under § 1983 when its conduct can be "fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Papa argued that the Neshannock VFD's conduct is fairly attributable to the state because, as a volunteer fire department, it performs a traditional function of government. Plaintiff acknowledged decisions in which termination of membership in a volunteer fire department was held not to implicate state action. (ECF No. 24 at 2) ("*See Dufresne v. Camden-Wyoming Fire Co. Inc.*, No. CV K19C-03-008 NEP, 2020 WL 2125797, at *6 (Del. Super. Ct. May 5, 2020) (termination of volunteer firefighter's membership did not implicate state action); *Ehart v. Odessa Fire Co.*, No. CIV.02-1618-SLR, 2005 WL 348311, at *3 (D. Del. Feb. 2, 2005) (dismissing § 1983 claims arising from termination of a firefighter's membership)"). The motions to dismiss are now ripe for decision.

Legal Analysis

A.  Federal Question Claims

The court will first address the § 1983 claims, because those claims provide the only basis for this court's removal jurisdiction. To prevail on her § 1983 claims, Papa must plead: (1) she has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States; and (2) the conduct complained of was committed by a person acting under the

color of state law.  42 U.S.C. § 1983.

The § 1983 statutory requirement of action "under color of state law" is identical to the "state action" requirement of the Fourteenth Amendment.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982).  The "state action" requirement "reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'"  *Id.* at 936 (1982) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)).  "This fundamental limitation on the scope of constitutional guarantees 'preserves an area of individual freedom by limiting the reach of federal law' and 'avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.'"  *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991) (quoting *Lugar*, 457 U.S. at 936–37).

On the other hand, private entities may sometimes be viewed as acting under color of state law – in other words, their conduct may implicate state action -- because the Constitution "constrains governmental action by whatever instruments or in whatever modes that action may be taken." *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 392 (1995).  The Supreme Court has employed various approaches to determine whether a private entity is engaged in state action.[2]  The line is not always clear.

To state a valid § 1983 claim, a plaintiff must plead with plausibility that the conduct being challenged in the case was under the color of state law, i.e., constituted "state action."  42

---

[2] The Third Circuit Court of Appeals has articulated the three "broad tests generated by Supreme Court jurisprudence to determine when state action exists" in a context involving a private entity or actor: (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) "whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach*, 589 F.3d at 646. Under any test, the inquiry is fact specific.  *Id.*

U.S.C. § 1983. In *Kach v. Hose*, the United States Court of Appeals for the Third Circuit described the requirement that the private entities' specific conduct must constitute "state action" for a § 1983 claim as follows:

> "state action will be found if there is a sufficiently close nexus between the state and the *challenged* action of the regulated entity so that the action may be fairly treated as that of the State itself." *Boyle v. Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71, 76 (3d Cir. 1991) (emphasis in original and internal quotation marks and citation omitted). "[T]he purpose of this requirement is 'to assure that constitutional standards are invoked only when it can be said that the State is *responsible* for the *specific conduct* of which the plaintiff complains.'" *Id.*

*Kach*, 589 F.3d 626, 648 (3d Cir. 2009) (emphasis in original). The "focus of our inquiry is not on whether the state exercises control over a putative state actor as a general matter, but whether the state has exercised control over the particular conduct that gave rise to the plaintiff's alleged constitutional deprivation." *Id.* at 649. The court emphasized: "the private conduct is fairly attributable only when the state has had some affirmative role, albeit one of encouragement short of compulsion, in *the particular conduct underlying a claimant's civil rights grievance*." *Id.* (emphasis in original). "In other words, the government must be responsible for the specific conduct of which the plaintiff complains." *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017).

Acts of private contractors do not become "state action" simply because the private entity is performing a public contract. *Kach*, 589 F.3d at 648. The actual conduct that forms the basis for the claim must be "fairly attributable to the State." *Rendell-Baker*, 457 U.S. at 838. In *Rendell-Baker*, the Supreme Court explained: "[A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Rendell-Baker*, 457 U.S. at 840. The Supreme Court emphasized that acts of private

contractors "do not become acts of the government by reason of their significant or even total engagement in performing public contracts." *Id.* at 841. The Court explained that the employment "relationship between the school and its teachers and counselors is not changed because the State pays the tuition of the students." *Id.* A private school, even though its income was derived primarily from public sources and it was regulated by public authorities, was not acting under color of state law when it discharged employees. *Id.*

In *Rendell-Baker*, the Supreme Court held there was no "state action" because "the decisions to discharge the petitioners were not compelled or even influenced by any state regulation." *Id.; see id.* at 843 (White, J., concurring) ("the critical factor is the absence of any allegation that the employment decision was itself based upon some rule of conduct or policy put forth by the State."). *Accord Blum v. Yaretsky*, 457 U.S. 991 (1982) (state's funding and extensive regulation of nursing homes did not make patient discharge decisions of physicians and nursing home administrators acts of the state). In *Rendell-Baker*, the Court recognized that the discharged employees may be able to pursue claims for employment discrimination under Title VII, but could not succeed under § 1983. 457 U.S. at 837. In sum, the personnel and membership decisions of private, volunteer organizations such as Neshannock VFD generally do not implicate state action.

These legal principles have been applied in the specific context of termination of a volunteer's membership in a VFD. In *Dufresne*, the court concluded there was no "state action" because allegations about termination of a volunteer firefighter's membership and defamation were not related to the public function of firefighting, rejected the plaintiff's request to take discovery, and granted a motion to dismiss the § 1983 claims. *Dufresne*, 2020 WL 2125797 at *13. In *Ehart*, after discussing *Rendell-Baker*, the court concluded that a volunteer firefighter

failed to establish that defendants acted under color of state law in terminating his membership. *Ehart*, 2005 WL 348311 at \*3; *accord Ponsford v. Mercyhurst Univ.*, No. CV 19-217, 2020 WL 1049180, at \*3 (W.D. Pa. Mar. 4, 2020) (dismissing § 1983 claims) ("the state, even if arguably involved in Defendant's day-to-day operation, played absolutely no role in her termination.").

It is not sufficient to argue that an entity, such as the Neshannock VFD, is performing a public function in a general sense.   (*See* Plaintiff's Response, ECF No. 24 at 2, citing *Edmonson*, 500 U.S. at 624).[3]   Instead, a plaintiff's factual allegations must be sufficient for the court to infer plausibly that the specific conduct at issue in the litigation is fairly attributable to the state. *Rendell-Baker*, 457 U.S. at 841; *Kach,* 589 F.3d at 649.   Even though the court quoted *Kach* in the show cause order about the need to show how the specific conduct at issue constitutes state action, Papa did not address that precedential decision in her response.

The decisions cited by Papa or located in the court's independent research with respect to volunteer fire companies are not to the contrary.   In *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995), the court noted that Pennsylvania VFDs are usually deemed to be state actors as a factual matter, but the specific conduct at issue in *Mark* involved a citizen whose house was burned down by a firefighter, not an internal membership issue.   In *Versarge v. Township of Clinton*, 984 F.2d 1359, 1361, 1363 (3d Cir. 1993), the dispute involved a firefighter acting in his capacity as director of a Homeowners Association.   The Third Circuit Court of Appeals assumed, without deciding, that the VFD engaged in the requisite state action and dismissed the § 1983 claims on the merits.   In *Dunkel v. Mt. Carbon/North Manheim Fire Co.*, 970 F. Supp.2d 374, 379 (M.D. Pa. 2013), the parties did not contest whether the VFD was

---

[3] The Supreme Court stated in *Edmonson* that "[i]f a government confers on a private body the power to choose the government's employees or officials, the private body will be bound by the constitutional mandate of race neutrality."   500 U.S. at 625.   There is no allegation in this case that Pennsylvania conferred on the Neshannock VFD the power to choose the government's employees.

acting under color of state law.  In *Erdley v. William Cameron Engine Co.*, No. 17-2068, 2018 WL 4354470 (M.D. Pa. Sept. 12, 2018), the court did not analyze whether the VFD engaged in state action in terminating a professional EMT.

In this case, Papa failed to allege any plausible basis for "state action" with respect to the conduct at issue in the amended complaint. The actions of which she complains occurred within the scope of her membership obligations in the Neshannock VFD.  The crux of her § 1983 claims is that the Neshannock VFD's internal disciplinary procedures were improper.  As the Supreme Court made clear in *Rendell-Baker*, internal disciplinary decisions of a private volunteer organization do not become state action -- even if the organization itself is heavily involved in a state function.

The court concludes that the § 1983 claims are subject to dismissal at this stage of the case. *See Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.") (citing *Versarge*, 984 F.2d at 1363); *Showell v. Acorn Hous. Corp. of Conn.*, No. CIV. A. 97-1200, 1997 WL 597897, at *4 (E.D. Pa. Sept. 17, 1997) (dismissal is proper under Rule 12(b)(6) where § 1983 complaint did not allege that a government entity participated even minimally in a private actor's decision to terminate plaintiff's employment) (citations omitted); *Schneider v. Arc Of Montgomery Cty.*, 497 F. Supp. 2d 651, 659 (E.D. Pa. 2007) ("Numerous courts, including this Court, have granted motions to dismiss section 1983 actions because the defendants were not state actors.") (citations omitted).  Based upon the factual allegations in the amended complaint and drawing all reasonable inferences in favor of Papa, the court does not perceive any plausible state involvement in the Neshannock VFD's internal decision to terminate Papa's membership.   Papa does not allege that the membership decision was based upon some

regulation, rule of conduct or policy put forth by Pennsylvania. Viewing the allegations of the amended complaint and all reasonable inferences therefrom in the light most favorable to Papa, her membership termination is not fairly attributable to the state.  The § 1983 claims must be dismissed.

The court concludes that Papa will not be granted leave to amend.  Pro se plaintiffs should be given an opportunity to file an amended complaint, even if they do not seek leave to amend, unless amendment would be inequitable or futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).  On the other hand, complaints that set forth facts which affirmatively demonstrate there is no right to recover are properly dismissed without leave to amend. *Dooley v. Wetzel*, 957 F.3d 366, 376 (3d Cir. 2020) (citing *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002)).  Papa is represented by counsel and already amended her complaint once, in response to defendants' initial motion to dismiss.  Papa did not seek leave to amend the complaint again after defendants' renewed motions to dismiss or the court's show cause order and did not point to any additional facts in her response.  As explained above, the facts set forth in the amended complaint affirmatively demonstrate that her § 1983 claims are not plausible.  In sum, the court concludes that amendment would be inequitable and futile.

B.  Pendent State Law Claims

If a federal district court dismisses all claims over which it had original jurisdiction, the court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). The decision to exercise supplemental jurisdiction is discretionary.  *Kach*, 589 F.3d at 650.  The decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily,

when all federal law claims have been dismissed, the balance of these factors weighs in favor of resolving the remaining state law claims in the state court. *Id*.

The balance of factors in this case weighs heavily in favor of declining to exercise jurisdiction over the remaining state law claims. In particular, the court notes that Papa commenced this case in state court, the claims that provided the basis for removal jurisdiction are now dismissed, and the litigation remains in its earliest stages.

Conclusion

Defendants' motions to dismiss (ECF Nos. 12, 20) will be GRANTED in part.  The § 1983 claims will be dismissed with prejudice.  The court declines to exercise supplemental jurisdiction over the pendent state law claims.  The clerk shall REMAND this case FORTHWITH to the Court of Common Pleas of Lawrence County, Pennsylvania.

An appropriate Order follows.

Dated: May 18, 2021                            BY THE COURT:

s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge